FAULKNER, Justice.
Harold Rutherford purchased two dump trucks from Long-Lewis Ford Company in Bessemer, Alabama. He financed the purchase through Ford Motor Credit Company. Rutherford defaulted and the vehicles were repossessed and sold. Ford Motor Credit brought this action against Rutherford for a deficiency. Rutherford’s answer interposed a general denial; it alleged that Ford Motor Credit repossessed the vehicles without giving him notice and that the manner in which Ford Motor Credit disposed of the vehicles was not commercially reasonable. The trial court ruled in Rutherford’s favor. We reverse.
The trial court found that Rutherford was “dissatisfied with the trucks.” It ruled that “the contract on the financing of these trucks gave the Ford Motor Credit Company an election in the event of a default of how they would pursue the matter, the number one option being suing the purchaser, the number two option being returning the trucks to the Long-Lewis Ford, Inc., Bessemer, Alabama, and requiring them to repurchase the vehicles from Ford Motor Credit Corporation.” The court concluded that, having elected to repossess the trucks and to pursue its recourse agreement with Long-Lewis, “Ford Motor Credit does not have the right to maintain this suit against Harold Rutherford for any deficiency balance on the grounds that they had an election as to how they would proceed on the default of these contracts and by their actions they elected to proceed against the Long-Lewis Ford Inc., Bessemer, Alabama, and as such they have no right now to pursue this matter for deficiency against Harold L. Rutherford.”
There is nothing in either of the agreements governing this transaction to support the trial court’s conclusion that Ford Motor Credit did not have the right to maintain this suit. To the contrary, the sales contract entered into by Rutherford and Long-Lewis provided that the buyer remained liable for any deficiency balance resulting from repossession and resale of the collateral by the seller. Likewise, Ford Motor Company’s truck financing agreement governing the relationship between Ford Motor Credit and Long-Lewis expressly reserved to Ford Motor Credit the right to pursue and collect from the retail customer any deficiency balance established upon the resale of a repossessed vehicle.
In his brief on appeal Rutherford makes two arguments in support of his contention that Ford Motor Credit is not entitled to recover a judgment for the deficiency. First, he argues that there was no assignment by Long-Lewis to Ford Motor Credit of the right to bring an action for the deficiency and, therefore, that Ford Motor Credit was without standing to bring an action. Second, Rutherford argues that Ford Motor Credit is not entitled to recover against him because he was dissatisfied with the performance of the vehicles.
Neither of the defendant’s arguments has any validity. Long-Lewis clearly assigned its right to proceed against Rutherford for the deficiency. The financing agreement governing Long-Lewis’s relationship with Ford Motor Credit provides for the following procedure. After a vehicle is sold the dealer assigns its rights under the installment sale contract to Ford Motor Credit in exchange for the loan proceeds. Repayment of the loan is then made by the debtor to Ford Motor Credit. If the buyer defaults, Ford Motor Credit is entitled to repossess the vehicle and deliver it to the dealer for resale. When a vehicle is delivered to the dealer, the dealer pays Ford Motor Credit the balance owed on the vehicle and it resells the vehicle. If the proceeds of the resale are in excess of the amount owed, the dealer refunds the ex-
*872 cess to the debtor. If there is a deficiency, the dealer is to bear 10% of the loss and Ford Motor Credit is to bear the remainder of the deficiency, but Ford Motor Credit is entitled, under the express language of the contract, to proceed against the buyer in an attempt to reccup the full amount of the loss.
Thus, in this case, after Rutherford defaulted Ford Motor Credit repossessed the vehicles and delivered them to Long-Lewis. Long-Lewis then paid Ford Motor Credit the unpaid balances of the accounts. Rutherford was sent notices informing him of the repossession of the vehicles and of his right to redeem them. The vehicles were appraised, bids were taken, the trucks were sold and the proceeds of the sales were applied to the accounts. Ford Motor Credit then sent Long-Lewis a check for the amount of the deficiency, less 10%, and proceeded against Rutherford for the deficiency balance.
Rutherford categorizes this procedure as “a strange sequence of events” and as a “rather bizarre” transaction. Notwithstanding his incredulous tone, however, we note that he provided us with no authority whatsoever to support his contention that this agreement did not constitute a valid assignment to Ford Motor Credit. The only aspect of the transaction which was at all out of the ordinary was the provision in the agreement placing the burden of reselling the repossessed collateral on the assignor while the assignee retained the right to proceed against the debtor. That procedure appears to us to be inherently reasonable, however, given the obvious fact that Long-Lewis is in the business of selling trucks and Ford Motor Credit is in the business of collecting debts. Strange or not, we fail to see how the agreement between Long-Lewis and Ford Motor Credit had any effect on Rutherford’s rights.
In addition to the standing argument, Rutherford contends that Ford should not be allowed to take a deficiency judgment against him because of the “malperfor-mance” of the trucks. Ford Motor Credit
interposed a timely objection to the line of questioning by which the defendant sought to establish his dissatisfaction with the trucks. The objection was due to be sustained. We recognize that Rutherford was entitled to raise any defenses against Ford Motor Credit which he could have raised in an action against him by Long-Lewis. Ala. Code (1975), § 7-9-318. The Rules of Civil Procedure require that the defense of failure of consideration be specifically pleaded, however. Rule 8(c), A.R.Civ.P. There is no allegation of failure of consideration in the pleadings.
Even if the issue had been raised, it does not appear that Rutherford would have been entitled to prevail. He does not even argue that Ford or the dealer was guilty of breach of warranty. He merely makes allegations of malperformance and argues that his dissatisfaction with the vehicles entitled him to cease making jpay-ments on them. He cites no authority for his position, as, indeed, there is none.
The plaintiff is entitled to a judgment. The judgment is hereby reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.